UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Daniel Joseph O'Connell,

    Plaintiff,

v.                                                                    Case No. 14-13690
                                                                      Honorable Sean F. Cox
                                                                      Magistrate Judge Anthony P. Patti

Commissioner of Social Security,

    Defendant.
_____/

## ORDER ACCEPTING AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff brought this action seeking judicial review of the Commissioner of Social Security's determination that he is not entitled to disability insurance benefits for his mental and physical impairments under 42 U.S.C. § 405(g). (Doc. #1).

Sometime thereafter, Plaintiff and Defendant filed cross-motions for summary judgment. (Doc. #12, Pl.'s Br. and Doc. #17, Def.'s Br.). All proceedings in this case were referred to Magistrate Judge Anthony P. Patti pursuant to 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). (Doc. #2).

On November 25, 2015, Magistrate Judge Patti issued a Report and Recommendation ("R&R"), wherein he recommended that the Court DENY Plaintiff's Motion for Summary Judgment, GRANT Defendant's Motion for Summary Judgment, and AFFIRM the Commissioner's decision. (Doc. #21, R&R at 1). Plaintiff filed timely objections to the November 10, 2015 R&R on November 24, 2015. (Doc. #22, Pl.'s Objs.). Defendant has not

1

responded to Plaintiff's objections, and the time for such has passed.

The Court finds Plaintiff's objections to be without merit.  The Court shall therefore **ADOPT** the R&R,  **DENY** Plaintiff's Motion for Summary Judgment, and **GRANT** Defendant's Motion for Summary Judgment.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R.  Fed. R. Civ. P. 72(b)(2).  Objections must "(A) specify the part of the order, proposed findings, recommendations, or report to which a person objects; and (B) state the basis for the objection."  E.D. Mich. LR 72.1(d).  Objections are not "a second opportunity to present the argument already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004).  Moreover, the district court should not consider arguments that have not first been presented to the magistrate judge.  *See Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 785 (E.D.N.C. 2011).

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).

## ANALYSIS

Plaintiff's Motion for Summary Judgment sought to have this Court reverse the Administrative Law Judge's ("ALJ") determination that Plaintiff was not under a disability because he was capable of performing other jobs that exist in significant numbers in the national economy.

Plaintiff specifically argued that: 1) the ALJ erred in his RFC assessment because he failed to properly weigh the medical evidence by erroneously discounting the treating opinions of Dr. Bowman, Dr. Healey, Dr. Young, and Nurse Niemi and by failing to acknowledge the opinion of his treating therapist, Mr. Sophiea; and 2) that the ALJ failed to properly evaluate Plaintiff's credibility. (Pl.'s Br. at 14, 22).

Defendant cross-motioned for summary judgment, arguing the ALJ's finding of non-disability was supported by substantial evidence.

Magistrate Judge Patti recommended that the Court deny Plaintiff's motion and grant Defendant's motion. The Magistrate Judge rejected the argument that the ALJ failed to properly weigh the medical evidence. With respect to the limited weight accorded to Dr. Bowman's opinion, Magistrate Judge Patti determined that the ALJ's conclusions were supported by substantial evidence, and that the ALJ properly followed the treating physician rule by providing appropriate reasons for discounting the treating opinion of Dr. Bowman. (R&R at 20-21). Magistrate Judge Patti also concluded that the ALJ did not err in discounting the treating opinions of Dr. Healey, Dr. Young and Nurse Niemi. (R&R at 22-23). He found that the ALJ properly noted that Dr. Healey's opinion was conducted after only two sessions and that it was based on Plaintiff's subjective complaints. (R&R at 22). With respect to Dr. Young and Nurse

3

Niemi, Magistrate Judge Patti also determined that the ALJ "did not use Plaintiff's GAF scores as dispositive of his mental health status. Instead, [the ALJ] noted that *in addition to the other evidence in the record* of Plaintiff's relatively normal mental health, the high GAF scores assessed by Dr. Young and Nurse Niemi further contradicted their opinion that Plaintiff was very restricted." (R&R at 23). As to the ALJ's failure to discuss Plaintiff's treating therapist, Magistrate Judge Patti determined that the error was harmless because a "Limited Licensed Psychologist is not an acceptable medical source whose opinion is entitled to deference" and Mr. Sophiea's "opinion largely mirrored that of Drs. Healey and Young." (R&R at 24). The Magistrate Judge also rejected the argument that the ALJ erred in assessing Plaintiff's credibility (R&R at 30, 32, 34, 35, 39, 40) and found that the "ALJ provided a sufficiently specific explanation for his credibility determination, and [that] Plaintiff has failed to demonstrate that the adverse-credibility finding was not supported by substantial evidence." (R&R at 40). Magistrate Patti specified that: 1) "the ALJ did not err in assessing Plaintiff as less than credible where his subjective statements suggested a higher level of impairment than the evidence in the record" (R&R at 30); 2) that "the ALJ provided an extensive credibility analysis, in addition to his consideration of Plaintiff's reported activities of daily living" (R&R at 31); 3) that the ALJ did not err in considering Plaintiff's inconsistent statements relating to his last date of work and last alcohol and cocaine use because "the ALJ is entitled to weigh conflicting testimony when making his credibility assessment" (R&R at 33-34); 4) that the ALJ was correct in concluding that Plaintiff's receipt of unemployment benefits bears negatively on his credibility (R&R at 35); and 5) that "in the scheme of the ALJ's entire analysis, [the ALJ's] consideration of the conservative nature of Plaintiff's treatment as one among many bases to discount his credibility,

4

is without error; or, alternatively, it was harmless error, because Plaintiff has not demonstrated that, had the ALJ considered his lack of insurance on this one basis for discounting his credibility, there could have been a different result." (R&R at 39).

Plaintiff has lodged two objections to the November 25, 2015 R&R: 1) the ALJ erred in his RFC assessment because he failed to properly weigh the medical evidence; and that 2) the ALJ failed to properly evaluate Plaintiff's credibility. (Pl.'s Objs. at 1, 8). But, with the exception of a few references to Magistrate Judge Patti's findings, Plaintiff's objections are essentially a recitation of the "Argument" section in his Motion for Summary Judgment. (Pl.'s Br. at 14-25). The arguments advanced by Plaintiff have been exhaustively addressed, and properly rejected, by Magistrate Judge Patti in his 41 page R&R. Plaintiff has not pointed to a specific deficiency in the Magistrate Judge's reasoning. Thus, the Court finds that Plaintiff has not asserted any proper objections to the R&R. Moreover, the Court agrees with the Magistrate Judge's analysis as to the issues challenged and, for the reasons set forth in the R&R, Plaintiff's arguments are without merit. Accordingly, Plaintiff's first and second objections are overruled.

## ORDER

For the reasons set forth above **IT IS ORDERED** that the Court **ACCEPTS AND ADOPTS** the November 25, 2015 R&R. **IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED**, Defendant's Motion for Summary Judgment is **GRANTED**, and this case shall be **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

          S/Sean F. Cox
          Sean F. Cox
          United States District Judge

Dated: February 11, 2016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Daniel Joseph O'Connell,

    Plaintiff,

v.	Case No. 14-13690
	Honorable Sean F. Cox
	Magistrate Judge Anthony P. Patti

Commissioner of Social Security,

    Defendant.
_____/

PROOF OF SERVICE

    I hereby certify that a copy of the foregoing document was served upon counsel of record on February 11, 2016, by electronic and/or ordinary mail.

                              S/Jennifer McCoy
                              Case Manager